IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE SEARCHES OF:          )
                                           )       Mag. No. 21-265
A GRAY BMW X6 BEARING PENNSYLVANIA         )
REGISTRATION LCG7915, REGISTERED TO        )
LEONARD HAROLD HAYES BUT UTILIZED BY       )
ANTOINE KEY                                )

**<u>AFFIDAVIT FOR SEARCH WARRANT</u>**

I, Ryan Palso, being first duly sworn, hereby depose and state as follows:

1.      I am a Special Agent with the Drug Enforcement Administration (DEA), and have been since October 2019.  Prior to my employment with the DEA, I was employed as a uniformed Police Officer on the federal and state levels of law enforcement, with my most recent employer as the Pittsburgh Bureau of Police.  I have been employed in a law enforcement capacity since February 2014.  As a Police Officer, I have participated in numerous arrests for narcotic offenses and violent crimes.  In addition, I have been the affiant on search warrants and arrests.  I am currently assigned to the Pittsburgh District Office for the DEA.

2.      I have been trained at the Federal Law Enforcement Training Center in Glynco, GA, Pittsburgh Bureau of Police Academy in Pittsburgh, PA, and at the DEA Academy in Quantico, VA.  The DEA Academy provided extensive training that lasted for four months and covered a wide array of topics, including federal criminal statutes, interviews and interrogations, drug identification, search and seizure, undercover techniques, search warrant applications and executions, arrest procedures, and numerous other investigative techniques.

3.      As a Special Agent with the DEA, I have experience and am responsible for investigating violations of federal laws, specifically Title 21 of the United States Code offenses. Based on my training and experience, I know that it is a violation of Title 21 of the United States Code, Sections 841 (a)1 and 841 (b)(1)(c) to manufacture, distribute or dispense, or possess with

intent to distribute a controlled substance.  I also know that it is a violation of Title 18 of the United States Code, Section 922 (g)(1) for an individual who has been convicted of a crime punishable by a term of imprisonment of more than one year to possess a firearm.

4.      The information in this affidavit is intended to show only that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter.

### THE SEARCH LOCATIONS

5.      This affidavit is submitted in support of a warrant to search the following location:

a.   **SEARCH LOCATION**: the vehicle being utilized by Antoine KEY, a gray BMW X6 bearing Pennsylvania registration LCG 7915 (referred hereafter as the "**TARGET VEHICLE**")

6.      The **SEARCH LOCATION** is described more fully in Attachment A.  The applied for warrant would authorize the search of the **SEARCH LOCATION** and the seizure of evidence described in Attachment B.

### PROBABLE CAUSE

7.      On February 4, 2021, DEA executed a federal search warrant at 1936 Sedgwick Street Pittsburgh, PA 15212.  As a result of the warrant, DEA seized approximately 773.9 gross grams of heroin, approximately 967.9 gross grams of cocaine, three firearms, approximately 504.9 gross grams of green leafy marijuana, approximately 1,391 gross grams of synthetic marijuana, and large amount of U.S. currency.  Also seized was a large amount of miscellaneous tablets.  The heroin field tested positive for heroin.  The cocaine field tested positive for cocaine.

8.      Antoine KEY was found inside the residence, in one of the bedrooms.  It appears from the items recovered during the search warrant that **KEY** also residing at the residence.  In

your Affiant's experience, drug traffickers will allow trusted individuals to reside in their "stash houses," often armed, in order to protect their drug enterprise.

9.      Prior to **KEY** being transported, Task Force Officer (TFO) Peter Glavach located a BMW parked outside of 1936 Sedgwick Street Pittsburgh, PA 15212.  TFO Glavach knew that this BMW was associated with **KEY**.  TFO Glavach asked **KEY** for the keys to the BMW and for permission to search the vehicle.  **KEY** gave verbal consent and directed TFO Glavach to the front bedroom of the residence were a large amount of money was located and a large quantity of miscellaneous tablets.  The verbal consent given by **KEY** to TFO Glavach was witnessed by Detective (Det.) Scott Love, Det. Louis Schweitzer, and TFO William Churilla.

10.      The BMW was subsequently searched.  TFO Glavach located a loaded Glock firearm in the center console of the BMW.  Searching was ceased at this time and the BMW was secured at DEA Pittsburgh pending a search warrant.

11.      I researched KEY's criminal history and discovered **KEY** was convicted as an adjudicated delinquent for possession of a small amount of marijuana and pled guilty to another possession of a small amount of marijuana.  He also has a conviction docketed under CP-02-8399-2012 for Possessing a Firearm without a License, 18 Pa.C.S. 6016, a third degree felony.

12.      In my training and experience, I know that drug dealers often will utilize vehicles to transport their product to customers easily and secretly.  Drug dealers want to avoid detection by law enforcement and the law abiding citizen in order to protect their enterprise.  The vehicles utilized by drug dealers will often have man made compartments to store their product safely and out of view.  They will also utilize the natural voids of the vehicles as a convenient way to store their product.  These concealment methods provide drug dealers the ability to transport and store large amounts of narcotics for long amounts of time undetected.

13.    In my training and experience, I know that drug dealers often are the targets of burglaries or robberies.  Drug dealers will carry firearms or have someone with a firearm close by to protect them due to the dangerous nature of their criminal enterprise.  Further, a lucrative and substantial drug business will bring attention to rival drug dealers who are looking to further their own criminal enterprise.

14.    Based on the evidence obtained during our search warrant at the residence of **KEY**, I believe that **KEY** is participating in a drug dealing business involving heroin and fentanyl, and has firearms in his possession to protect himself, his associates, and his enterprise from rival drug dealers.

15.    Based on all of the information discussed herein, I believe that there is probable cause to believe that that evidence of violation(s) of Title 21, United States Code 841, and Title 18, United States Code 922 (g) will be found in the **SEARCH LOCATION**.

16.    In addition, I know, based on training and experience, that purchasing controlled substances often is conducted by cellular telephones and other electronic devices.  This is common for dealers and buyers to contact each other to set up meet points, times, or negotiate amounts and prices.  Additionally, details regarding importing, possessing, concealing, distributing controlled substances, and the disposition of proceeds from the sale of controlled substances are often used with cellular telephones.

17.    Since drug dealers and users rely heavily on cellular telephones, I know that evidence of their drug crimes can be found on cellular telephones.  The communication between drug dealers and users can be either by placing a call or text messaging.  Often times, contact lists or other numbers associated with the drug dealer's organization will be found and further illustrate

the criminal conspiracy.  This evidence is crucial for law enforcement to be able to identify and arrest all individuals involved in a particular narcotics sale.

18.     I know that information is also saved on cellular telephones, both intentionally and unintentionally.  Specific text messages, contacts, pictures, and other media items can be saved intentionally.  Digital information, traces of electronic communication, or internet searches can be automatically stored unintentionally on cellular telephones.  A forensic examiner can conduct a phone analysis and recover evidence on the cellular telephone, information that was saved intentionally and unintentionally.  These electronic files can be recovered months or years after they were downloaded, stored, deleted, or viewed.

19.     I believe that there is probable cause that evidence of violation(s) of Title 21, United States Code 841 may be found on cellular phones belonging to and or/utilized by **KEY**.  I therefore seek authorization to seize any and all cellular telephone(s) and electronic devices found at the **SEARCH LOCATION**.  A separate warrant will be submitted prior to examining the electronic contents of any seized phones/electronic devices.

20.     Based on the foregoing, I believe that probable cause exists and believes that the **SEARCH LOCATION** will contain evidence of violations of Title 21, United States Code, Section 841 and Title 18, United States Code, Section 922.

## <u>CONCLUSION</u>

21.     Based upon the aforementioned, I submit that this affidavit supports probable cause that **KEY** has engaged in violations of Title 21 United States Code 841 and Title 18 United States Code Section 922, in the Western District of Pennsylvania, in the **SEARCH LOCATION**.


*/s/ Ryan Palso*
Ryan Palso, Special Agent
Drug Enforcement Administration



Sworn and subscribed before me, by telephone
pursuant to Fed. R. Crim. P. 4.1(b)(2)(A), This 5th
day of February, 2021.

HONORABLE CYNTHIA REED EDDY
CHIEF UNITED STATES MAGISTRATE JUDGE



## <u>ATTACHMENT A</u>

## <u>LOCATIONS TO BE SEARCHED</u>

<u>**SEARCH LOCATION:**</u> the vehicle being utilized by Antoine **KEY** ("**TARGET VEHICLE**"), a gray BMW X6 bearing Pennsylvania registration LCG 7915 (registered to Leonard Harold HAYES Jr., 117 Crawford Avenue Pittsburgh, PA 15202), provided that this vehicle is located within the Western District of Pennsylvania at the time of the search for the items listed in Attachment B.





7

## ATTACHMENT B

## ITEMS TO BE SEARCHED AND SEIZED

For the **SEARCH LOCATIONS** for evidence of illegal drug-trafficking, in violation of Title 21, United States Code 841 and Title 19, United States Code 922 including, but not limited to the following:

a.   controlled substances;

b.   paraphernalia for packaging, processing, diluting, weighing, and distributing controlled substances;

c.   books, records, receipts, notes, ledgers, and other papers relating to the distribution of controlled substances and to monetary transactions involving the proceeds from the sale of controlled substances;

d.   personal books and papers reflecting names, addresses, telephone numbers, and other contact or identification data relating to the distribution of controlled substances, money laundering, and the criminal use of communication facilities;

e.   cash, currency, and records relating to the generation of income from the sale of controlled substances and the expenditure of such income, including money orders, wire transfers, cashier's checks and receipts, bank statements, passbooks, checkbooks, and check registers, as well as consumer items such as expensive televisions and other electronic equipment, high-end vehicles, precious metals such as gold and silver, and precious gems such as diamonds (this evidence often is located in a safe) -- unexplained wealth is probative evidence of crimes motivated by greed, including trafficking in controlled

substances;

f.   documents indicating travel in interstate and foreign commerce, such as travel itineraries, plane tickets, boarding passes, motel and hotel receipts, passports and visas, credit card receipts and telephone bills;

g.   computers, cellular telephones, palm pilots, and/or other electronic media utilized for communication and data-saving purposes, as well as documents relating thereto;

h.   firearms, ammunition, and other dangerous weapons; and

i.   identification evidence and/or indicia (such as cancelled mail, deeds, leases, rental agreements, photographs, bills, diaries, keys, and identification documents) which tend to identify the person(s) in residence, occupancy, control, or ownership of the subject premises.